UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GESNER JEROME, MOISE DELICE,
JOSEPH JULNER HONORE, UDOVIC
JEAN-FRANCOISE, MARC D.
RAPHAEL and SENOPHA CHOUTE,

    Plaintiffs,

v.   Case No: 2:12-cv-610-FtM-38DNF

THE HERTZ CORPORATION,
HERTZ GLOBAL HOLDINGS, INC.,
HERTZ GLOBAL SERVICES
CORPORATION, SIMPLY WHEELZ,
LLC, ALL ALLIANCE USA, INC and
TERRY GIBSON,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants, The Hertz Corporation, Hertz Global Holdings, Inc., Hertz Global Services Corporation, Simply Wheelz, LLC, and Terry Gibson Motion for Reconsideration (Doc. #52) filed on September 27, 2013. On September 6, 2013, Plaintiffs filed a Motion for Leave to Amend Complaint. (See Doc. #47). Thereafter, on September 23, 2013, the Court granted the Plaintiffs' motion without consideration of Defendants' response in opposition also filed on September 23, 2013. (See Doc. #49; Doc. #50). Defendants' filed this instant motion contending that

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

their response was timely filed and therefore, this Court should reconsider the motion to amend issue. Plaintiffs have not provided a response.

The Court has discovered that it inadvertently failed to add three (3) days to the fourteen (14) day deadline for Defendants to file a response to Plaintiffs' motion to amend the Complaint. Local Rule 3.01(b) in relevant part states that "[e]ach party opposing a motion or application shall file within fourteen (14) days after service of the month or application a response that includes a memorandum of legal authority in opposition to the request." M.D. Fla. Local Rule 3.01(b). However, as Defendants contend pursuant to Federal Rules of Civil Procedure 6(d) and 5(D), parties have an additional three (3) days to timely respond to motions. Therefore, the deadline to respond to Plaintiffs' motion was September 23, 2013, and not September 20, 2013. On this basis, the Motion for Reconsideration, (Doc. #52), is due to be granted, and the Court reconsiders the Plaintiff's Motion for Leave to Amend Complaint in light of Defendants' response in opposition. (Doc. #47; Doc. #49).

While timely motions for leave to amend are held to a very liberal standard, motions filed after the leave to amend deadline should be denied. Perez v. Pavex Corp., 2002 WL 31500404 (M.D. Fla. Oct. 18, 2002); Senger Brothers Nursery, 184 F.R.D. at 678. Motions to amend filed after the Case Management and Scheduling Order's deadline are held to the "good cause" standard under Rule 16(b) and should be denied unless the schedule mandated in the scheduling order cannot "be met despite the diligence" of the moving party. Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); Smith v School Board of Orange County, 487 F.3d 136, 1366 (11th Cir. 2007). Pursuant to the Case Management and Scheduling Order the deadline to amend

pleadings expired on March 25, 2013 (Doc. #24). Therefore, the good cause standard found in Fed. R. Civ. P. 16(b) governs to this Motion to Amend rather than the freely given standard found in Rule 15(a).

Plaintiffs wish to add in the Complaint that certain Defendants were the joint employers of Plaintiffs and to add language in Count I regarding Defendants' treatment towards similarly situated employees outside of Plaintiffs' protected class. Plaintiffs' proposed amended Complaint also omits Count II of the Complaint, a count that has been voluntarily dismissed, and removes references to former Plaintiffs. Defendants oppose the motion arguing that Plaintiffs have failed to show good cause or any exercise of diligence and that Plaintiffs' proposed amendment would prejudice Defendants because the proposed amendment would unduly delay this action and the proposed amendment would be futile. Defendants contend prejudice would exist because the amendment would widen the scope of litigation and would force Defendants to depose individuals again.

The depositions that revealed the relevant joint employer information occurred after the deadline to amend the Complaint. However, this information was revealed prior to the discovery deadline, a deadline that at this point has not concluded. Accordingly, Defendants argument that Plaintiffs should have acted more speedily is not well taken here. The Court finds that Plaintiffs acted with diligence and without bad faith. The Court acknowledges that Defendants view some of the evidence found in the midst of discovery differently than Plaintiffs, however these differences can be decided on during the summary judgment stage of this matter. Additionally, although discovery may "widen" due to the new assertion of joint liability, this change will not unfairly prejudice

Defendants. Lastly, the Court finds Plaintiffs has sufficiently plead the new proposed claims and accordingly does not render the proposed amendment as futile. The Court finds good cause to grant leave to amend the Complaint.

Accordingly, it is now

**ORDERED:**

(1) Defendants, The Hertz Corporation, Hertz Global Holdings, Inc., Hertz Global Services Corporation, Simply Wheelz, LLC, and Terry Gibson Motion for Reconsideration (Doc. #52) is **GRANTED**.

(2) Plaintiff's Motion to Amend/Correct Complaint by All Plaintiffs (Doc. #47) is **GRANTED**. The Court accepts the filed Amended Complaint (Doc. #52).

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of October, 2013.

Copies: All Parties of Record