UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GESNER JEROME, MOISE DELICE,
JOSEPH JULNER HONORE, UDOVIC
JEAN-FRANCOISE, MARC D.
RAPHAEL and SENOPHA CHOUTE,

                Plaintiffs,

v.                                     Case No:   2:12-cv-610-FtM-38DNF

THE HERTZ CORPORATION,
HERTZ GLOBAL HOLDINGS, INC.,
SIMPLY WHEELZ, LLC and TERRY
GIBSON,

                Defendants.

_____/

## ORDER[1]

On November 20, 2013, Defendants The Hertz Corporation, Hertz Global Holdings, Inc., Hertz Global Services Corporation,[2] Simply Wheelz, LLC, and Terry Gibson filed a Suggestion of Bankruptcy. (Doc. #66). This suggestion of bankruptcy notified the Court that Defendant Simply Wheelz, LLC filed a Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi on November 5, 2013. (Doc. #66). In addition to notifying the Court about the pending bankruptcy

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.
[2] On December 12, 2013, Defendant Hertz Global Services Corporation was terminated from this case. (See Doc. #75).

proceeding, the defendants stated they were "uncertain as to how to proceed with this matter from this point forward given the allegations of the existence of an alter ego relationship in the Second Amended Complaint." (Doc. #66). Thereafter, the Court ordered the parties to research whether an automatic stay in this is case is required and if so, what the scope of the automatic stay should be. (Doc. #70). The parties have now filed their briefs. (Doc. #71; Doc. #74). This matter is now ripe for review.

**Standard**

The law is clear, when a debtor files a petition under the Bankruptcy Code, this filing operates as an automatic stay of the continuation of a previously commenced judicial proceeding against the debtor. Ellison v. Northwest Engineering Co., 707 F.2d 1310, 1311 (11th Cir. 1983) (citing 11 U.S.C. § 362(a)(1)). This automatic stay is designed to give the debtor "a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressure that drove [the debtor] into bankruptcy." Ellison, 707 F.2d at 1311 (citing H.R.Rep. No. 595, 95th Cong.2d Sess. 340, reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 5963, 6297). The clear language of Section 362, however, only stays the action automatically against a debtor. Chicago Title Ins. Co. v. Lerner, 435 B.R. 732, 735 (S.D. Fla. 2010) (quoting McCartney v. Integra Nat'l Bank North, 106 F.3d 506, 509 (3d Cir. 1997)); see e.g., Souder v. Premier Automotive on Atlantic, LLC, No. 3:08-cv-973-J-32JRK, 2009 WL 691916, at *1 (M.D. Fla. Mar. 13, 2009) (staying the case only to the debtor defendant); In re Colonial Bancgroup Inc. Securities Litigation, 2:09cv104-MHT, 2010 WL 119290, at *1 (M.D. Ala. Jan. 7, 2010)

("The automatic stay provisions of § 362(a) generally do not operate to stay claims against non-debtor defendants.") (citation omitted).

Nevertheless, in unusual circumstances, courts have stayed matters against non-debtor defendants as well. See e.g., A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1016 (4th Cir. 1986) (finding a stay was warranted with regard to the non-debtors); In re Steven P. Nelson, 140 B.R. 814, 816-17 (Bank. M.D. Fla. 1992) (same); c.f. In re Colonial BancGroup, Inc. Securities Litigation, 2010 WL 119290, at *5 (choosing not to extend the stay to the non-debtors); In re Sunbean Sec. Litig., 26 B.R. 534 (S.D. Fla.2001) (same); All Seasons Resorts, Inc. v. Milner (In re All Seasons Resorts, Inc.), 79 B.R. 901 (Bankr.C.D.Cal. 1987) (same); In re Metal Center, Inc., 31 B.R. 458 (D.Conn. 1983) (same). An unusual circumstance exists when "there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will be in effect be a judgment or finding against the debtor." A.H. Robins Co., Inc., 788 F.2d at 999. In contrast, where a non-debtor co-defendant is allegedly liable upon its own breach of duty, then the automatic stay protection afforded to a debtor is not extended to a non-debtor co-defendant. In re Metal Center, Inc., 31 B.R. at 462. Some courts take into account the debtor's request.[3] See e.g., All Seasons Resorts, 79 B.R. at 904 ("[T]he automatic stay does not *automatically* encompass co-defendants. A court must make that determination upon request of the debtor."); In re Sunbeam Sec. Litig. 261 B.R. 534, 537 (S.D. Fla. 2001).

---

[3] Defendant Simply Wheelz, LLC has remained silent and does not make any argument with regard to whether a stay should be extended to the remaining defendants.

**Discussion**

The plaintiffs in this matter are of Haitian origin and worked at the Fort Myers, Florida Airport for Advantage Rent A Car. At some point, the plaintiffs were terminated from their employment. The Second Amended Complaint alleges that other companies such as Defendants Simply Wheelz, LLC, All Alliance USA, Inc., The Hertz Corporation, and Hertz Global Holdings, Inc. worked under the fictitious name Advantage Rent A Car as well. The Second Amended Complaint also alleges these defendants were all the alter-ego of each other. Notably, the Second Amended Complaint alleges that Simply Wheelz, LLC was under the management, dominion, and control of the Hertz Defendants. The Second Amended Complaint contains two counts. The first count is unlawful race discrimination in violation of 42 U.S.C. § 1981 and the second count is tortious interference with an advantageous business relationship in violation of Florida Law.[4]

Now Defendant Simply Wheelz, LLC has filed a Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi. Accordingly, Defendant Simply Wheelz, LLC is entitled to an automatic stay in this underlying proceeding pursuant to the Bankruptcy Code. 11 U.S.C. § 362(a)(1). The parties disagree as to whether the automatic stay should be extended to the remaining defendants as well.

The defendants, although non-debtors in the underlying Bankruptcy proceeding, contend "unusual circumstances" exist in this matter to warrant the extension of the automatic stay to them as well. The defendants support this contention with the argument that the plaintiffs have brought this suit with joint employment, alter ego, and tortious

---

[4] Plaintiffs do not cite to any specific Florida Law in relation to this count in their Second Amended Complaint. (Doc. #64).

interference theories of liability.[5] Accordingly, the defendants state, "it is undeniable that Advantage and The Hertz Defendants all have an equal interest, an identical alleged accountability and an alleged identity of existence in this lawsuit." (Doc. #71). The defendants support their argument by citing to In re Fiddler's Creek, LLC, No. 9:10-bk-03846-ALP, 2010 WL 6618876 (Bankr. M.D. Fla. Sept. 15, 2010) and Villafane-Colon v. B Open Enterprises, Inc., 932 F. Supp. 2d 274 (D.P.R. 2013).

In response, the plaintiffs contend a stay is not warranted with regard to the non-debtors. The plaintiffs argue this matter does not involve any kind of indemnity that has warranted a stay to non-debtors in other courts, citing to A.H. Robins Co., Inc., 788 F.2d at 999. The plaintiffs contend the issues of liability are independent as to each co-defendant because the debtor and non-debtors are not bound by statute or contract. In addition, the plaintiffs "stipulate to the Court that they will not rely upon or attempt to assert alter ego as a basis for liability, in whole or in part, in connection with any claim against any Defendant herein, whether in this action and any proceedings in connection therewith, or in any ancillary or appellate proceedings, if any." (Doc. #74).

Upon consideration of the law and arguments, the Court finds a stay in this matter with regard to the non-debtors is not warranted pursuant to the Bankruptcy Code or this Court's general power to stay matters to control its docket. The Court is especially not convinced that "unusual circumstances" exist in this matter to warrant a stay. The liabilities between the debtor and non-debtors are not intertwined but instead the liabilities are independent of each other. In re Metal Center, Inc., 31 B.R. at 462 (explaining that "in situations where a codefendant is independently liable, as for example, where the debtor

---

[5] Defendants maintain that "there is no evidence to support" these theories. (Doc. #71).

and another are joint tort feasors or where the nondebtor's liability rest upon his own breach of a duty, then the protection afforded a debtor under the automatic stay would clearly not extend to such nondebtor."). In addition, the plaintiffs stipulates that they will not attempt to assert alter ego as a basis of liability and the defendants respectfully submit that there is no evidence to support a basis of alter ego between the defendants. Accordingly, the alleged alter ego relationship is not a real issue in this matter. Therefore, any alter ego relationship between Simply Wheelz, LLC and the remaining defendants is not a proper reason to stay this matter in relation to the non-debtors. Additionally, the tortious interference claim is not against Simply Wheelz, LLC. Simply Wheelz, LLC is not specifically mentioned in the tortious interference count, thus, Simply Wheelz, LLC provisional absence from this litigation will not unduly prejudice the remaining defendants.

Moreover, the purposes of granting an automatic stay pursuant to the Bankruptcy Code or this Court's general stay powers are not present here with the remaining defendants. For example, the remaining non-debtor defendants do not need to harmonize other actions by creditors against them. A.H. Robins Co., Inc., 788 F.2d at 998 (citing Fidelity Mortg. Investors v. Camelia Builders, Inc., 550 F.2d 47, 55 (2d Cir. 1976)). In addition, there is no finding that the remaining non-debtor defendants will suffer irreparable harm. See generally, Olesen-Frayne v. Olesen, No. 2:09-CV-49-FTM-29DNF, 2009 WL 1184686, at *1 (M.D. Fla. May 1, 2009) (citation omitted).

Accordingly, it is now

**ORDERED:**

This matter is **STAYED** with relation to Defendant Simply Wheelz, LLC only pursuant to 11 U.S.C. § 362(a)(1). Counsel for Defendant Simply Wheelz, LLC shall

inform the Court in writing when its bankruptcy proceeding is completed. This matter is **NOT STAYED** in all other respects.

      **DONE** and **ORDERED** in Fort Myers, Florida this 24th day of December, 2013.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record